LODGE 1916 and District No. 10 International Association of Machinists and Aerospace Workers, AFL–CIO, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY X-RAY DEPARTMENT, Defendant.

No. 68–C–404.

United States District Court
E. D. Wisconsin.

Jan. 13, 1970.

Robert E. Gratz, Wilwaukee, Wis., for plaintiffs.

Steve Enich, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, District Judge.

This is an action to enforce certain provisions of a collective bargaining agreement entered into between the parties and is brought pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C.A. 185(a)).

The complaint alleges that on October 3, 1966, the parties entered into a collective bargaining agreement that was to remain in effect until October 26, 1969.

Among the provisions of that agreement was the establishment on July 1, 1967, of the General Electric Savings and Security Program ("Savings Program"). This program was available to any employee represented by the plaintiffs who elected to participate. The Savings Program provided certain rates of pay for participants and also provided for a reduction in the minimum wage rates for employees who elected to participate.

The nub of the complaint is that the lower wage was paid to certain employees prior to the time they elected to partici-

pate in the Savings Program and that the lower wage was paid to employees who never elected to participate.

The complaint further alleges that the grievance procedure provided for in the agreement has been exhausted and that the agreement does not provide for arbitration.

The relief sought is back pay at the appropriate contractual rate for all employees who were paid at the lower rate prior to, or without, electing to participate in the Savings Program.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b) or, in the alternative, for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

## MOTION TO DISMISS

■ The allegations of the complaint indicate that this is an action for an alleged violation of a collective bargaining agreement "* * * between an employer and a labor organization representing employees in an industry affecting commerce * * *" and that both the employer and the labor organization are within the jurisdiction of this court. Thus the complaint on its face meets the requirements of 29 U.S.C.A. § 185(a). The defendant has not pursued its motion to dismiss in its brief. If the motion has not been abandoned, it should be denied.

## MOTION FOR A MORE DEFINITE STATEMENT

■ Defendant seeks a more definite statement containing (1) the names of its employees who were allegedly paid the lower rate, (2) the names of its employees on whose behalf the grievance procedure was invoked, and (3) the amount of money owing each employee who was paid a lower rate because of the alleged violation of the agreement.

The defendant contends that the information sought must appear in the complaint before the defendant can reasonably be required to frame an answer.

Plaintiffs, in resisting the motion for a more definite statement, point out that for them to replead in accordance with the motion would be contrary to the wording and intent of Rule 8(a) (2) of the Federal Rules of Civil Procedure which requires "* * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *." I am in agreement with plaintiffs' position in this regard. The material sought by this motion, if not available to the defendant from its own records, is more properly the subject of the discovery rules.

Professors Wright and Miller in their recent treatise state:

"* * * Since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process, courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue. * * *"
Wright & Miller, Federal Practice and Procedure: Civil § 1376, at 737–738.

Plaintiffs also point out that defendant's motion lacks merit and should be denied because the grievance filed June 7, 1968, states that those employees involved because of the alleged violation were those "new employees hired since July 1, 1967" when the Savings Program went into effect. Thus the grievance itself would alert the defendant as to the general identity of those employees, represented by plaintiffs, who were affected by the alleged violation of the agreement.

I am of the opinion that the motion for a more definite statement must be denied.

It is ordered that defendant's motion to dismiss the complaint be and it is hereby denied.

It is further ordered that defendant's motion for a more definite statement must be and it is hereby denied.

It is further ordered that the defendant plead to the complaint herein within ten (10) days from the date of the entry of this order.