**Samuel Earl DENNIS, Plaintiff,**

v.

**BEGLEY DRUG COMPANY OF TEN-NESSEE, INC., d/b/a Big-B One Hour Cleaners, Defendant.**

**Civ. No. 2794.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 22, 1971.

---

Myers N. Massengill, Bristol, Tenn., for plaintiff.

Charles M. Gore, Bristol, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(b), action in which the plaintiff seeks to recover from the defendant, *inter alia*, mimimum wages and overtime pay required to have been paid under the Fair Labor Standards Act, as variously amended, 29 U.S.C. §§ 201 et seq. The defendant moves the Court for a more definite statement before interposing its responsive pleading. Rule 12(e), Federal Rules of Civil Procedure.

The defendant seeks more definition of the specific statute[s] on which the plaintiff relies; the exact pay periods the plaintiff claims he worked overtime or for which he was underpaid; and the aggregate of the back and overtime wages claimed by the plaintiff. The claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged. Madron v. Thomas, D.C.Tenn. (1965), 38 F.R.D. 177, 178 [3]. The plaintiff was not required to set out in detail the facts upon which he bases his claim. The details are available to the defendant through the utilization of the pretrial discovery techniques, Rules 26–37, inclusive, Federal Rules of Civil Procedure, and the Court will not require the plaintiff to make a more definite statement in the complaint, as the plaintiff's claim meets the requirements of Rule 8(a) (2), Federal Rules of Civil Procedure. State of Tennessee ex rel. Davis v. Hartman, D.C.Tenn., (1969) 306 F.Supp. 610. Accordingly, the defendant's motion of September 20, 1971 hereby is denied.