**Randy B. SMITH, et al., Plaintiffs,**

v.

**WESTFIELD INSURANCE CO., Defendant.**

**Civil Action No. 6:95–1118.**

United States District Court, S.D. West Virginia, Parkersburg Division.

June 26, 1996.

---

Richard E. Rowe and J. David Fenwick, Goodwin & Goodwin, Charleston, WV, for plaintiffs.

Brent Kesner and Renatha Garner, Kesner, Kesner & Bramble, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the Defendant's Motion for Substitution and/or Joinder of Tortfeasor as Named Party Defendant and Motion for Reconsideration of Ruling on Motion to Bifurcate.

This action arises from a motor vehicle accident involving Plaintiff Randy Smith and Todd Rotenberry.[1] Following the accident, Mr. Rotenberry's liability insurer paid its policy limits to the Plaintiffs in settlement of the claims against Mr. Rotenberry. Plaintiffs carry underinsured motorist coverage through Defendant Westfield Insurance Company. Westfield waived its subrogation rights against Mr. Rotenberry and consented to the settlement. Plaintiffs subsequently brought this action against Westfield asserting claims under the contract of underinsured motorists insurance for personal injury damages and for bad faith settlement practices.[2] Westfield now moves to substitute or join Mr. Rotenberry as a defendant in this action. Westfield also moves for reconsideration of the bifurcation issue.

### JOINDER

An insured is not precluded from bringing a direct action against his underinsured insurance carrier when the underinsured carrier has consented to settlement with the liability carrier and waived its subrogation rights. *Postlethwait v. Boston Old Colony Ins. Co.*, 189 W.Va. 532, 432 S.E.2d 802, Syl.Pt. 4 (1993). Nevertheless, the right to bring such an action is not absolute, but rather, it depends upon the particular circumstances of the case. *Dowler v. Reed*, No. 21960, slip. op. (W.Va. Dec. 10, 1993) (per curiam). As the court in *Dowler* noted:

> *Postlethwait* presented us with a unique set of circumstances. In *Postlethwait*, service of process could not be obtained on the tortfeasor because he was a resident of Massachusetts. The Postlethwaits had, however, negotiated a settlement with the tortfeasor's insurer. Boston Old Colony, underinsured carrier for the Postlethwaits, filed a motion to dismiss claiming that it could not be sued because no judgment had been obtained against the tortfeasor. Under those precise circumstances where the tortfeasor could not be sued, we confronted the issue of whether settlement with the tortfeasor's insurer, in the absence of an actual civil action against the tortfeasor, was sufficient to permit a direct action by the plaintiff against his own underinsurance carrier.

> \*   \*   \*   \*   \*   \*

1. Both Plaintiff and Mr. Rotenberry are residents of the State of West Virginia.

2. Plaintiff initiated this action to obtain underinsured motorist coverage. Nevertheless, it remains a personal injury action arising from a

motor vehicle accident. *Cf. Lusk v. Doe*, 175 W.Va. 775, 338 S.E.2d 375, 379 n. 4 (1985) (action for uninsured motorist coverage remains an action in tort).

While we stated in *Postlethwait* that West Virginia Code § 33–6–31(d) does not preclude plaintiff from suing his own underinsurance carrier *we have not expanded that principle to one which would grant the plaintiff an absolute right to sue his own underinsurance carrier in every situation wherein a settlement with the tortfeasor's insurer and a waiver of subrogation rights have been obtained.* We do not perceive the current situation as one in which the plaintiff must be permitted to join his underinsurance carrier as a defendant.

*Id.* slip op. at 3–4 (emphasis added).

In the present case, there has been no determination of liability or the extent of damages which the Plaintiff is entitled to recover as a result of the accident. Unlike the situation in *Postlethwait*, the tortfeasor here, a West Virginia resident, is not beyond the jurisdiction of this Court. At this stage of the litigation, the appropriate manner to pursue recovery of the underinsured motorist coverage is to join the tortfeasor as a defendant. Such joinder would avoid undue prejudice to Westfield by allowing Westfield to appear and defend in the name of the tortfeasor pursuant to W.Va.Code § 33–6–31(d).

### *BIFURCATION*

The case presents both personal injury claims arising from the motor vehicle accident and bad faith claims arising from the manner in which Westfield allegedly handled the Plaintiff's claim for insurance coverage. Accordingly, the claims against the insurer must be bifurcated from those against the insured, and any discovery or proceedings against the insurer must be stayed pending resolution of the underlying claim between the plaintiff and the insured. *See State ex rel. State Farm Fire & Cas. Co. v. Madden,* 192 W.Va. 155, 451 S.E.2d 721, Syl.Pt. 2 (1994).

Thus, the Court **GRANTS** Defendant Westfield's motion to join Todd M. Rotenberry as a defendant. The Court further **VACATES** the Memorandum Opinion and Order entered April 12, 1996 and **GRANTS** Defendant Westfield's motion to bifurcate. The bad faith claims are hereby bifurcated from the personal injury claims. Discovery on the bad faith claims is **STAYED** pending resolution of the personal injury portion of the case.

Defendant Westfield characterizes Mr. Rotenberry as a nominal party and argues the joinder of Mr. Rotenberry in the action would not destroy the Court's diversity jurisdiction. Plaintiff does not respond to Defendant's contentions. The Court **ORDERS** the parties to brief the issue within ten (10) days of the entry of this Memorandum Opinion and Order.