Jeffrey A. BURGESS, Plaintiff,

v.

GATEWAY COMMUNICATIONS, INC.— WOWK TV, et al., Defendants.

No. Civ.A. 2:97–0953.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 17, 1997.

Charles F. Donnelly, Mark W. Carbone, Molly Kettler Wade, Hostler and Donnelly, Charleston, WV, for Plaintiff.

Neva G. Lusk, Niall A. Paul, Spilman, Thomas & Battle, Charleston, WV, Robert J. Ridge, Matthew H. Meade, Matthew T. Phillips, Katarincic & Salmon, Pittsburgh, PA, Michele Grinberg, Andrew B. Cooke, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is (1) Plaintiff's motion to remand; and (2) Defendants' motion to dismiss, or in the alternative for a more definite statement. The Court **DENIES** Plaintiff's motion to remand and **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss. The alternative motion for a more definite statement is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff Jeffrey Burgess filed this action in the Circuit Court of Kanawha County on September 2, 1997. He alleged claims for (1) breach of contract; (2) wrongful discharge; (3) violation of the West Virginia Wage Payment and Collection Act; (4) sex discrimination in violation of the West Virginia Human Rights Act; and (5) intentional infliction of emotional distress.[1] Defendants Gateway Communications, Incorporated (Gateway) and John Fusco removed the case on October 1, 1997.

Burgess resides in St. Albans, West Virginia. Gateway is a Delaware corporation with its principal place of business in New York. Fusco resides currently in Pennsylvania but Burgess claims Fusco was a West Virginia resident "at all times pertinent to this action." Pl.'s compl. at ¶ 6.

Burgess' complaint is based on a host of alleged wrongful actions, including Defendants' (1) pre-employment broken promises of monetary rewards; (2) use of discriminatory reasons to terminate Burgess; (3) creation of a hostile work environment; and (4) threats of violence against his person. This civil action is but one of two lawsuits arising out of similar events occurring at Gateway's WOWK television station. The second lawsuit is venued in the Circuit Court of Kanawha County. *Ferrara v. Gateway Communs., Inc.–WOWK TV,* No. 97–C–2061.

After removal to this Court, Defendants moved to dismiss, arguing (1) the common law claims for wrongful discharge, outrageous conduct and breach of contract are preempted by the Human Rights Act; (2) Burgess failed to state a claim for intentional infliction of emotional distress; (3) punitive damages cannot be recovered under the Human Rights Act; (4) the breach of contract claim is "threadbare, vague and conclusory[;]" and (5) there is no recognized cause of action under the Human Rights Act to remedy same gender sexual harassment. Defs.' memo in supp. at 2. In the alternative, Defendants seek an Order compelling Burgess to amend his complaint to provide more specific allegations relating to the breach of contract and wrongful discharge claims.

## II. DISCUSSION

### A. Motion to Remand

Burgess' argument for remand is basically twofold. First, he asserts that by (1) giving Defendant Gateway a courtesy copy of the complaint; (2) engaging in informal pre-filing

---

1. Counsel for Defendant Gateway Communications, Incorporated advised the Court the Wage Payment Collection Act claim has been settled. Accordingly, the Court does not address that claim.

discussions with defense counsel; and/or (3) transmitting a pre-filing demand letter, the 30 day removal clock of 28 U.S.C. § 1446(b) commenced running.[2]   Second, he asserts Defendant Fusco was a domiciliary of West Virginia at the time the complaint was filed.[3]

■ Burgess' prefiling courtesy copy of the complaint, informal discussions and demand letter did not operate to start the clock ticking under section 1446(b).   First, the authority Burgess relies upon does not support his assertion.   In *Benton v. Washington Radiology Assocs.*, 963 F.Supp. 500 (D.Md. 1997), when the removing party received a courtesy copy of the complaint, the action already had been filed.   The situation appears likewise in the remainder of the cases Burgess relies upon.   *See, e.g., Stramel v. GE Capital Small Bus. Finance Corp.*, 955 F.Supp. 65, 66 (E.D.Tex.1997); *Silverwood Estates Devel. Ltd. Partnership v. Adcock*, 793 F.Supp. 226, 226 (N.D.Cal.1991).   Burgess had yet to file his complaint when the three events he relies upon occurred.

Burgess' position is also inconsistent with the apparent direction of precedent from our Court of Appeals.   Although not squarely addressing the issue presented here, the Fourth Circuit has observed "[u]nder 28 U.S.C. § 1446(b), a defendant must petition for removal within thirty days *of receiving service of process*." *McKinney v. Board of Trustees of Mayland Commun. College*, 955 F.2d 924, 925 (4th Cir.1992) (emphasis added); *see also Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir.1997) (stating

"The notice [of removal] must be filed within 30 days *after service on the defendant of initial process* . . . .") (emphasis added); *see also Scott v. Greiner*, 858 F.Supp. 607, 608, 610 (S.D.W.Va.1994) (stating "Removal petitions usually must be filed within thirty days *of the filing of Plaintiff's initial pleading*, here the complaint" and "The thirty day period for filing a removal petition began to run upon the filing of Plaintiff's complaint."). Accordingly, the Court finds no merit in Burgess' first ground for remand.

■ The second ground asserting Fusco was a domiciliary of West Virginia at the time the complaint was filed also fails.   Burgess concedes Fusco was physically present in Pennsylvania at the time the complaint was filed.   He nonetheless argues Fusco lacked the necessary indicia of intending to remain there, thus establishing it as his domicile.   In support, he points to Fusco's retention of a West Virginia operators license and the maintenance of his voters registration in Cabell County, West Virginia.   The Court concludes, however, Fusco has overcome any presumption of residency in West Virginia arising from these indicia by countering with a full showing he was a Pennsylvania domiciliary, both at the time the case was filed and then removed to this Court.[4]

In response to Burgess' conclusory allegations, Fusco filed an affidavit.   The confluence of the following facts demonstrates Fusco was a Pennsylvania resident at the time the complaint (September 2, 1997) and notice

---

2.   Section 1446(b) provides, in pertinent part, as follows:

   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

3.   Burgess further asserts that, given the pending *Ferrara* action in the Circuit Court of Kanawha County, "judicial efficiency" dictates remand. He provides no legal or factual basis for the assertion.   Accordingly, the Court concludes the argument lacks merit.

4.   Commentators have observed as follows:

   The usual rule is that removability is determined from the record as of the time the petition for removal is filed.   But the practice is somewhat different than it is in original actions in which, as discussed elsewhere, diversity is determined on the basis of the parties' citizenship at the time of commencement. In contrast, there is a long line of authority supporting the proposition that when diversity of citizenship is the basis of removal jurisdiction, *it must exist both at the time the original action is filed in the state court and at the time removal is sought* .

14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (2d ed.1985) (footnotes omitted).

of removal (October 1, 1997) were filed: (1) he moved from West Virginia to Altoona, Pennsylvania on May 18, 1997 and has continuously resided in Altoona since that time; (2) the lease on his West Virginia apartment terminated on May 18, 1997; (3) he accepted the General Sales manager position at WTAJ in Altoona on May 19, 1997; (4) he received his paychecks in Altoona; (5) he was terminated by Gateway on September 8 but he has chosen to remain in Pennsylvania; (6) his (a) personal property, (b) checking account, (c) church, (d) physician and accountant; and (e) mailing address are in Altoona; and (7) he is planning to apply for a Pennsylvania license and to register to vote there.

In response to these facts, Burgess offers nothing, having chosen not to submit a reply brief. While Burgess is free to challenge the *bona fides* of Fusco's assertions, he has not done so to date. Accordingly, the Court concludes Fusco is a Pennsylvania domiciliary. The Court thus enjoys diversity jurisdiction, and Burgess' motion to remand is **DENIED.**

### B. Motion to Dismiss

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to *Rule 12(b)(6), Federal Rules of Civil Procedure:*

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted); *see also Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996); *Gardner v. E.I. Dupont De Nemours and Co.,* 939 F.Supp. 471, 475 (S.D.W.Va.1996).

▮ Defendants assert, *inter alia,* Burgess' claim for wrongful discharge is preempted by the West Virginia Human Rights Act. The Court agrees. Burgess asserts in the wrongful discharge count of his complaint as follows:

> Plaintiff was wrongfully discharged from his employment with Defendant WOWK. The decision to discharge the Plaintiff *was based upon discriminatory reasons* and which were a result of the hostile work environment, sex discrimination, breach of contract and intentional infliction of emotional distress.

Compl. at ¶ 24 (emphasis added).

A victim of unlawful discrimination is limited to the remedy afforded him under the West Virginia Human Rights Act, a claim Burgess has pleaded. *See Knox v. Wheeling–Pittsburgh Steel Corp.,* 899 F.Supp. 1529, 1535–36 (S.D.W.Va.1995); *Taylor v. City Nat'l Bank,* 642 F.Supp. 989, 998 (S.D.W.Va. 1986), *aff'd,* 836 F.2d 547 (4th Cir. Dec.16, 1987) (mem.) (stating "a party may not bring a *Harless*-type, tort-based action to gain redress for violations of the West Virginia Human Rights Act."); *Guevara v. K–Mart Corp.,* 629 F.Supp. 1189, 1192 (S.D.W.Va. 1986) (stating "a victim of discrimination prohibited by the West Virginia Human Rights Act is limited to a suit under that statute and may not prosecute a so-called *Harless*-type action.").[5] Based on this authority, the Court **DISMISSES** Burgess' claim for wrongful discharge.

Evaluating the remainder of Defendants' motion according to the plaintiff-centered *Rule* 12(b)(6) standard, the Court concludes dismissal is premature. Depending upon the outcome of discovery, however, Defendants may raise again their arguments at the summary judgment stage of the case. Accordingly, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

---

**5.** There is a developing line of authority from the Supreme Court of Appeals, culminating in *Williamson v. Greene,* 200 W.Va. 421, 490 S.E.2d 23 (1997), which one might argue signals the erosion of *Guevara*'s and *Taylor*'s precedential impact. Given the distinguishing factual and legal circumstances present in those cases, however, and the Supreme Court of Appeals' failure to explicitly disavow, or even comment upon, either *Guevara* or *Taylor,* the Court considers the two cases binding precedent in this District.

## C. Motion for a More Definite Statement

In *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 822–23 (4th Cir.1973), the Court of Appeals stated as follows:

> We do not hold that requiring a limited expansion of a complaint is never appropriate under Rule 12(e), for that is a matter generally left to the district court's discretion. But when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.

*Id.* at 822–23, 824 (stating "Rule 12(e) allows a defendant to move for a more definite statement if the complaint 'is so vague or ambiguous that [he] cannot reasonably be required to frame a responsive pleading.' "); *see also Gleichauf v. Ginsberg*, 859 F.Supp. 229, 233 (S.D.W.Va.1994).

Burgess' complaint falls short of the unintelligibility that would require a *Rule* 12(e) order. Accordingly, the Court **DENIES** Defendants' motion for a more definite statement.

### III. CONCLUSION

The Court (1) **DENIES** Plaintiff's motion to remand; (2) **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss; and (3) **DENIES** Defendants' motion for a more definite statement.