Timothy K. TILLEY, et al., Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

No. Civ.A. 5:98–1161.

United States District Court,
S.D. West Virginia,
Beckley Division.

March 31, 1999.

Darl W. Poling, Poling Law Offices, Beckley, WV, for plaintiffs.

Benjamin L. Bailey and Ronda L. Harvey, Bowles, Rice, McDavid, Graff & Love Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendant's motion to dismiss, or in the alternative, motion for more definite statement; its motion for joinder of the tortfeasor as a named party defendant[1]; and its motion to bifurcate. The matters are ripe for review. After careful consideration, the Court **GRANTS** the motion for joinder; **GRANTS** in part and **DENIES** in part the motions to dismiss; **DENIES** the motion for more definite statement and **GRANTS** the motion to bifurcate.

### I. FACTUAL BACKGROUND

Timothy and Melody Tilley, married residents of Raleigh County, West Virginia allege that on October 23, 1996, they were involved with Roy L. Matheny, another West Virginia resident, in an automobile accident in Raleigh County. As a proximate result, the Tilleys allege they suffered physical injuries, incurred substantial medical expenses and debts for the treatment of their injuries and endured pain and suffering, which continue.

At the time, the Tilleys were insured by Defendant Allstate. The insurance contract included automobile medical payments coverage and underinsured motorist coverage. With Allstate's permission, they settled with Matheny and his insurer. Furthermore, Allstate waived its contractual right of subrogation.

In Counts 1 and 2 of their Complaint, the Tilleys sue for breach of contract, alleging that Allstate paid a portion of their medical expenses but will not pay the remainder. In Count 3, the Tilleys sue for the benefits of underinsured motorists coverage, alleging that Allstate "has failed to offer the plaintiff Melody Tilley sufficient sums to fully compensate her for her injuries and has refused to handle the plaintiff's claims in a reasonable manner." Id. ¶ 28.

Allstate moved to dismiss or, in the alternative, for a more definite statement on grounds that 1) the complaint failed to state a bad faith claim but seeks remedies available only under such a claim and 2) Plaintiffs have no standing to pursue the medical pay claims in Counts 1 and 2. Second, Allstate moves to join Matheny as a named party defendant on Count 3. The Court addresses these motions in reverse order. Third, Allstate moves to bifurcate the issues and try them in the following order: breach of contract, underinsured motorists coverage, bad faith in claims settlement.

### II. DISCUSSION

#### A. Motion for Joinder of Tortfeasor

This Court has previously applied the relevant analysis in deciding a motion for joinder of a tortfeasor. See Smith v. Westfield Ins. Co., 932 F.Supp. 770 (S.D.W.Va.1996) (Haden, C.J.).

An insured is not precluded from bringing a direct action against his underinsured insurance carrier when the underinsured carrier has consented to settlement with the liability carrier and waived its subrogation rights. Postlethwait v. Boston Old Colony Ins. Co., 189 W.Va. 532, 432 S.E.2d 802, Syl.Pt.

---

1. Defendant also filed a supplemental motion for joinder of the tortfeasor as named a party defendant. The Court treats this as a supplemental memorandum to the motion for joinder, rather than as a separate motion.

   The Court notes Defendant's repeated failure to deliver a courtesy copy of motions and memoranda to the Court. Counsel are reminded the District's Local Rules state, "In addition to filing and serving on opposing counsel and unrepresented parties, counsel shall deliver to the assigned judicial officer copies of each motion, supporting memorandum, and supporting documents or materials." L.R. 7.1(a), S.D.W.Va.

4 (1993). Nevertheless, the right to bring such an action is not absolute, but rather, it depends upon the particular circumstances of the case. *Dowler v. Reed,* No. 21960, slip. op. (W.Va. Dec. 10, 1993) (per curiam). *Id.* at 771. In addressing this situation, the West Virginia Supreme Court of Appeals has stated:

> *Postlethwait* presented us with a unique set of circumstances. In *Postlethwait,* service of process could not be obtained on the tortfeasor because he was a resident of Massachusetts. The Postlethwaits had, however, negotiated a settlement with the tortfeasor's insurer. Boston Old Colony, underinsured carrier for the Postlethwaits, filed a motion to dismiss claiming that it could not be sued because no judgment.had been obtained against the tortfeasor. Under those precise circumstances where the tortfeasor could not be sued, we confronted the issue of whether settlement with the tortfeasor's insurer, in the absence of an actual civil action against the tortfeasor, was sufficient to permit a direct action by the plaintiff against his own underinsurance carrier.

> .    .    .    .    .

> While we stated in *Postlethwait* that West Virginia Code § 33–6–31(d) does not preclude plaintiff from suing his own underinsurance carrier we have not expanded that principle to one, which would grant the plaintiff an absolute right to sue his own underinsurance carrier in every situation wherein a settlement with the tortfeasor's insurer and a waiver of subrogation rights have been obtained. We do not perceive the current situation as one in which the plaintiff must be·permitted to join his underinsurance carrier as a defendant.

*Dowler, id.,* slip op. at 3–4 (quoted in *Smith,* 932 F.Supp. at 771).

■ In the present case, there has been no determination of liability or the extent of damages to which Plaintiff is entitled as a result of the accident. Because the tortfeasor is a West Virginia resident, he has not been shown to be beyond the jurisdiction of the Court. It is appropriate to join the tortfeasor as a defendant. Such joinder would avoid undue prejudice to Allstate by allowing it to appear and defend in the ·name of the tortfeasor pursuant to *West Virginia Code* § 33–6–31(d).

■ Plaintiffs oppose the motion, arguing the injustice of allowing Allstate to defend in the tortfeasor's name when Allstate has already consented to settlement with the tortfeasor. Plaintiffs cannot ignore the accepted practice in West Virginia to raise underinsured coverage issues by suing the tortfeasor nominally, while the insurer defends in actuality. This practice shifts the jury's focus from the contractual availability of insurance proceeds to the relative faults of the parties to the accident. This Court, sitting in diversity, must follow state precedent. Moreover, the practice is a logical one that serves a just purpose. Accordingly, the Court **GRANTS** the motion to join the tortfeasor as a nominal defendant.[2]

### B. Motion to Dismiss or, in the Alternative, for a More Definite Statement

#### 1. Motion to Dismiss

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure:*

---

2. As Allstate notes, joining a state resident as a nominal defendant while the real defendant in issue is a non-resident will not destroy diversity. *Martin Sales & Processing, Inc. v. West Virginia Dep't of Energy,* 815 F.Supp. 940, 942 (S.D.W.Va.1993) ("It is ... well settled that courts should disregard nominal parties when determining whether diversity jurisdiction exists, and look instead to the real parties in interest in the controversy.") (citations omitted). Allstate would clearly remain the real party in interest.

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994) (citations omitted); *see also Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996). It is through this analytical prism the Court evaluates Allstate's motion.

### a. Remedies Sought

First, Allstate argues Plaintiffs fail to plead a bad faith claim but seek attorneys' fees and punitive damages. Plaintiffs respond that they do not allege a bad faith claim *at this time,* but that such damages are recoverable in a breach of contract claim.

▆▆▆ First, as to the attorneys' fees, it is well settled under West Virginia case law that an insured who substantially prevails[3] in a contractual action against his insurer may recover attorneys' fees without proving bad faith. *Miller v. Fluharty,* 201 W.Va. 685, 698, 500 S.E.2d 310, 323 (1997) (citing *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 (1986)).[4]

Nonetheless, Allstate contends that to merit attorneys' fees, Plaintiffs would have to assert a bad faith claim because *Hayseeds* is a bad faith claim. Def.'s Reply

Mot. Dismiss at 4 & n. 1. *Hayseeds,* like many cases addressing these issues, included a contractual claim as well as a bad faith allegation. *See also Jordache Enterprises, Inc. v. Nat'l Union Fire Ins. Co.,* 1998 WL 903969, *2 (W.Va. Nov.24, 1998) (alleging both breach of contract claim and common law bad faith claim).

The *Hayseeds* court made clear, however, that the award of attorneys' fees is not tied to the defendant's bad faith. 177 W.Va. at 329, 352 S.E.2d at 79 ("Similarly, we consider it of little importance whether an insurer contests an insured's claim in good or bad faith.") Instead, the award is driven by the principle that an insured purchases an insurance contract, "he buys insurance—not a lot of vexatious, time-consuming, expensive litigation with his insurer.... [Whether the refusal was in good or bad faith,] the insured is out his consequential damages and attorney's fees." *Id.* See also *Miller,* 201 W.Va. at 698, 500 S.E.2d at 323. Consequently, Plaintiffs may be entitled to attorneys' fees if they substantially prevail on the contractual claim. The Court **DENIES** the motion to dismiss as it relates to attorneys' fees.

▆▆▆ Secondly, Allstate correctly asserts that punitive damages are not available for breach of contract absent "an independent, intentional tort." *Hayseeds,* 177 W.Va. at 330, 352 S.E.2d at 80. An insured may not recover punitive damages unless he "can establish a high threshold of actual malice," which means that the insurer actually knew the claim was proper but "willfully, maliciously, and intentionally denied the claim." *Id.* at 330, 352 S.E.2d at 80–81.[5] Plaintiffs have, repeatedly and

---

3. Allstate also contends Plaintiffs cannot recover attorneys' fees because they have not substantially prevailed. The Court views Allstate's argument as premature and inappropriate for disposition at this time.

4. The Court notes reasonable attorneys' fees and damages for aggravation and inconvenience are also recoverable if the insured substantially prevails in an action for unin-

sured or underinsured motorists' coverage. *Marshall v. Saseen,* syl. pt. 6, 192 W.Va. 94, 450 S.E.2d 791 (1994); *Morrison v. Haynes,* syl. pt. 5, 192 W.Va. 303, 452 S.E.2d 394 (1994).

5. Furthermore, the Court notes the Supreme Court of Appeals' recent clarification in *State ex rel. State Auto Insurance Co. v. Risovich,* syl. pt. 5, 511 S.E.2d 498, 1998 WL 864181

unequivocally, stated they do not assert claims of bad faith against Allstate at this time. Accordingly, punitive damages are unrecoverable on the contractual claims, and the Court **GRANTS** the motion to dismiss as it relates to the punitive damages claim.

### b. Standing to Allege *Counts* 1 and 2

■ In *Counts* 1 and 2, Plaintiffs allege Allstate breached its contract by paying them a portion of their medical expenses but refusing to pay the remainder. Allstate argues Plaintiffs lack standing to allege a contractual breach on these facts because Plaintiffs have not and will not suffer injury. First, Allstate contends, Plaintiffs failed to allege any past injury of having to pay amounts out of their own pocket or having been sued by a medical provider.[6] Second, any future lawsuit against Plaintiffs by a medical provider will cause no injury to Plaintiffs because the policy states Allstate will defend and pay any reasonable and necessary medical expenses. Plaintiffs respond that they have paid medical providers with personal funds and they have suffered damage to their reputation and relationship with the medical providers because of late payments.

After careful consideration, the Court believes these arguments are premature. Notice pleading, *see infra* II.B.2., requires only a short and plain statement of the claim showing entitlement to relief. Here, Plaintiffs alleged Allstate failed to pay their medical expenses in accord with the insurance contract. The Court cannot hold with certainty that Plaintiffs cannot prove a set of facts entitling them to relief. Plaintiffs have alleged a breach of contract claim, with colorable injury, sufficient to survive a motion to dismiss. Allstate's contentions are factual in nature and more suitable for resolution at summary judgment. Accordingly, the Court **DENIES** without prejudice this motion as it relates to Plaintiffs' standing to allege the breach of contract claims.

### 2. Motion for More Definite Statement

■ Raised under *Rule* 12(e),[7] a motion for a more definite statement is " 'generally left to the district court's discretion.' " *Gleichauf v. Ginsberg*, 859 F.Supp. 229, 233 (S.D.W.Va.1994) (quoting *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir.1973)). It is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Id.* (quoting *Robinette v. Griffith*, 483 F.Supp. 28, 36 (W.D.Va.1979)); *see also Burgess v. Gateway Communications, Inc.*, 984 F.Supp. 980, 984 (S.D.W.Va.1997). The motion "is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." *Shultz v. Clay Transfer Co.*, 50 F.R.D. 480, 481 (E.D.N.C.1970). " 'Prompt resort to discovery provides ad-

(W.Va. Dec.11, 1998), that an insurer may exclude punitive damages as recoverable under an underinsured motorist claim without obtaining a waiver from the insured. The Tilleys' insurance policy includes a punitive damages exclusion.

**6.** Allstate further contends that, in fact, even if it "arbitrarily reduced medical bills (which, of course, Allstate denies), this actually benefits plaintiffs, by leaving more of the medical payments coverage limit for any future bills." Def.'s Mot. Dismiss at 5 n. 3. Allstate's logic fails to hold water.

**7.** *Rule* 12(e) states, in pertinent part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. Fed.R.Civ.P. 12(e).

equate means for ascertaining the facts without delay in maturing the case for trial.'" *Gateway,* 984 F.Supp. at 984 (quoting *Hodgson,* 482 F.2d at 823).

In this instance, it does not appear the complaint is "so vague or ambiguous that [Allstate] cannot reasonably be required to frame a responsive pleading." The complaint includes the parties involved in the litigation, the facts of the underlying traffic accident, Plaintiffs' injuries, the history of Allstate's involvement and the remedies Plaintiffs seek.

Generally, a plaintiff is required only to give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). *See Boggess v. Lewis Raines Motors, Inc.,* 20 F.Supp.2d 979, 981 (S.D.W.Va.1998). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1). Defendants offer no legal authority to persuade this Court a different standard applies. Here, although Plaintiffs' Complaint is not a model of clarity, it states two basic claims: a breach of contract claim for failure to pay reasonable medical bills and an underinsured motorists coverage claim. Plaintiffs have further explained that they have elected not to proceed under the Unfair Trade Practices Act and will not allege a common law bad faith action until and unless they are successful in these claims.[8] Pls.' Mem. in Resp. to Mot. to Dismiss at 2. Because Plaintiffs' Complaint satisfies the requirements of notice pleading and is not so vague as to prevent Defendants from framing a reasonable responsive pleading, the Court **DENIES** the motion for a more definite statement.

## C. Motion to Bifurcate

█ Finally, Allstate moves to bifurcate the breach of contract issues from the underinsured motorist claim.[9] Plaintiffs respond that bifurcation is unnecessarily expensive and repetitive and would unjustifiably crowd the Court's docket.

█ As an initial matter, the Court recognizes that the decision of whether to bifurcate in a first-party insurance action is within its discretion. *Light v. Allstate Ins. Co.,* 182 F.R.D. 210, 212–13 (S.D.W.Va.1998) (citing *Light v. Allstate Ins. Co.,* 203 W.Va. 27, ——, 506 S.E.2d 64, 72 (1998)). The Court may bifurcate in the interests of furthering convenience, preserving judicial economy, and avoiding prejudice. *Id.*

In the instant case, the Court must determine first the liability and extent of damages, if any, of the tortfeasor, as presented in a typical personal injury case. This inquiry need not contain reference to matters of insurance. *Compare Light,* 182 F.R.D. at 213 (overlap of factual and legal issues between breach of contract and bad faith claims). Although, as the Supreme Court of Appeals recognized, many legal commentators indicate evidence of insurance is not prejudicial under certain circumstances, *Light,* 203 W.Va. at ——, 506 S.E.2d at 70, narrowing the jury's focus to the relative fault of the parties in the accident will result in a more straightforward, expedited trial. Many witnesses called for the issues of the accident's occurrence will be completely irrelevant to the contract issues. Moreover, the jury's decision may determine the case's proceeding to the contract issues, thus preserving scarce judicial resources. Accordingly, bifurcating the accident issues from the contract issues will further convenience, preserve judicial economy, and avoid prejudice.

The Court can consider next the issues connected to the insurance contract itself.

---

8. The Court is not called upon to, and does not, offer any analysis of the wisdom or efficacy of Plaintiffs' strategy.

9. Allstate further seeks to bifurcate both these issues from a bad faith claim. Because Plaintiffs make clear they do not allege a bad faith claim at this time, the Court declines to address this issue.

Here, the Court follows the Light analysis and finds no need to bifurcate between the breach of contract and underinsured motorists coverage claims.[10]

Consequently, the Court **GRANTS** Defendant's motion to bifurcate. The personal injury claims are hereby bifurcated from the contract claims.

## III. CONCLUSION

Accordingly, the Court (1) **GRANTS** Defendant's motion to join Roy L. Matheny as a nominal defendant and **DIRECTS** he be so joined; (2) **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss; (3) **DENIES** Defendant's motion for a more definite statement; and (4) **GRANTS** Defendant's motion to bifurcate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

---

10. As established before, Plaintiffs repeatedly state they are not alleging bad faith claims at this time. Accordingly, the Court does not address when such a claim, if alleged, would be tried.