Larry **SHEFFIELD**, Earl Wolf and Erik Peterson, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

**ORIUS CORP.**, its subsidiaries and affiliates, including but not limited to: Orius Telecom Services, Inc., Orius Central Office Services, Inc., Orius Telecommunications Services, Inc., Orius Broadband Services, Inc., Catv Subscriber Services, Inc., Dasco of Idaho, Inc., Orius Dasco, Dasco, Foreign Corporations and Does 1 through 100, Defendants.

No. CIV.02–CV–749–AS.

United States District Court, D. Oregon.

Nov. 8, 2002.

**412**

A.E. Bud Bailey, Jonathan Benson, Bailey, Pinney & Associates, Tualatin, OR, for Plaintiffs.

Harlan Jones, Jordan Scrader, Portland, OR, for Defendants.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

On July 19, 2002, plaintiffs moved to certify a collective action under § 216(b) of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 216(b). On September 13, 2002, Magistrate Judge Ashmanskas filed his Findings and Recommendation that plaintiffs' motion to certify a collective action should be denied. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). A decision to certify a class is considered a "dispositive motion" for purposes of Rule 72. *See Cornilles v. Regal Cinemas, Inc.,* 2000 WL 1364236 (D.Or.2000); *Caranci v. Blue Cross & Blue Shield of Rhode Island,* 194 F.R.D. 27, 31 (D.R.I.2000); *Harper–Wyman Co. v. Connecticut General Life Insurance Co.,* 1991 WL 18467 (N.D.Ill. 1991). The court therefore reviews the Magistrate Judge's decision *de novo* and for the reasons stated below, adopts the Magistrate Judge's Findings and Recommendation. Plaintiffs' motion to certify a collective action under 29 U.S.C. § 216(b) is denied.

## BACKGROUND

The facts and subject matter of this case are described in the Findings and Recommendation and need not be repeated at length. Plaintiffs are former and current employees of defendant Orius Corp. and its subsidiaries and affiliates. They allege that defendant exercised a policy and practice of failing to pay overtime and compensating workers at rates below the federal minimum wage.

Plaintiffs' first claim under 29 U.S.C. § 216 seeks relief for employees of defendant who worked in excess of 40 hours per week and were not paid at a rate of 1½ times their regular·rate of pay for those hours worked in excess of 40 hours per week. Plaintiffs' second claim under 29 U.S.C. § 206 seeks relief for employees of defendant who were compensated at a rate below the federal minimum wage.

## STANDARDS

Section 216(b) of the Fair Labor Standards Act sets forth two core requirements for certifying a collective action. Members of the putative class must be "similarly situated" and must provide "consent in writing ... in the court in which such action is brought." 29 U.S.C. § 216(b).

Much judicial attention has been paid to whether Rule 23 factors such as numerosity, typicality, commonality, and adequacy are applicable to § 216(b) actions. The majority of courts have concluded that Rule 23 factors are inapplicable to § 216(b) actions. *See, e.g., Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir.1977), *rev'd on other grounds, Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Daggett v. Blind Enterprises of Oregon et al.,* 1996 U.S. Dist. LEXIS 22465, at *14 (D.Or.1996) (declining to apply Rule 23 factors to a § 216(b) collective action); *Bayles v. American Med. Response of Colorado, Inc.,* 950 F.Supp. 1053, 1067 (D.Colo. 1996) (concluding that Rule 23 cannot "be engrafted onto § 216(b) suits"); *Mete v. New York State Office of Mental Retardation & Developmental Disabilities,* 1993 WL 226434, at *2 (N.D.N.Y.1993).

The standard for certifying a collective action under 29 U.S.C. § 216(b) is less stringent than the standard for certification under Rule 23. *Daggett,* 1996 U.S. Dist. LEXIS 22465, at *17 (noting that the standard for certification of a FLSA collective action "is much less stringent than the FRCP 23 standard").

In determining whether or not to certify a collective action, the core inquiry is whether the putative class members are "similarly situated." 29 U.S.C. § 216(b). This court considers the term "similarly situated" in light of the purposes and goals of a collective action. The Supreme Court has recognized that class actions can be an efficient mechanism for resolving a number of disputes in one consolidated action. See *Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482; *see also Daggett,* 1996 U.S. Dist. LEXIS 22465, at *17. However, an action dominated by issues particular to individual plaintiffs can not be administered efficiently because individual issues predominate over collective concerns.

■ Putative class members must share more than a common allegation that they were denied overtime or paid below the minimum wage. The class members must put forth a common legal theory upon which each member is entitled to relief. *Daggett,* 1996 U.S. Dist. LEXIS 22465, at *18.

## DISCUSSION

■ Plaintiffs move to certify a class of current and former employees of defendant. The employees worked as linemen, splicers, crew foremen, laborers, or equivalent positions within the United States between June 4, 1999 and June 4, 2002, were denied overtime wages, and were compensated below the federal minimum wage. Defendant objects to the certification on the ground that the putative class members are not similarly situated.

The Magistrate Judge correctly noted that there are factual differences among the putative class members. The class members have been employed by different subsidiaries and affiliates of defendant Orius Corp. The class members held different job titles, enjoyed different payment structures (piece-rate, hourly, and salaried), and worked at nine different job sites. Thus, the dissimilarities among the putative class members extend to geography, work sites, and payment systems. Further, the allegations contained in the affidavits submitted to the court suggest that each claim would require extensive consideration of individualized issues of liability and damages. Plaintiffs have failed to offer sufficient evidence to establish that the putative class members were commonly affected by a uniform plan or scheme to deny workers overtime compensation and minimum wages. In fact, plaintiffs repeatedly refer in their briefs to defendant's "judicial admission" that defendant acquired many smaller companies and was aware of potential wage and hour violations committed by the acquired entities. Indeed, this fact cuts against plaintiffs' argument that they were victims of a uniform, national policy to deny workers overtime and minimum wages. If much of the unlawful conduct was committed by small, individual companies who were later acquired by defendant, then plaintiffs who worked for these separate entities are not related as victims of a uniform, national policy.

Because plaintiffs have failed to establish that the putative class members are similarly situated, class certification would not lead to the efficiency gains and uniform fact determinations that § 216(b) was designed to create. Rather, a collective action certified on the facts presented thus far would be mired in particularized determinations of liability and damages, rather than collective consideration of common questions of law and fact.

Final class status may be reviewed before trial, and the "similarly situated" determination can be reevaluated. *Sperling v. Hoffmann–La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J.1988) ("Finally, nothing would appear to prevent the court from modifying or reversing a decision on 'similar situations' at a later time in an action, as new facts emerge."). If, after further discovery, the named plaintiffs are able to present more compelling evidence that they are similarly situated to a larger class of victims based on a national policy, the court may entertain a renewed motion to certify a collective action.

## CONCLUSION

The court adopts the Magistrate Judge's Findings and Recommendation (Doc. # 36). Plaintiffs' motion for certification of a collective action (Doc. # 4) is DENIED.

**IT IS SO ORDERED.**

## FINDINGS AND RECOMMENDATION

ASHMANSKAS, United States Magistrate Judge.

The matters before the court are defendants' motion (#10) for a more definite statement[1] and plaintiffs' motion (#5) to certify a collective action.

## BACKGROUND

The putative class members are current and former employees of Orius Corporation (Orius) and its subsidiaries or affiliates throughout the United States. Plaintiffs bring this action alleging that Orius and its subsidiaries and affiliates had a policy and practice of failing to pay employees for overtime, and requiring or encouraging workers to work "off the clock" by performing preparatory work before or after their shift. Plaintiffs allege that they were paid less than the federally required minimum wage. Plaintiffs allege that there are potentially thousands of class members.

Plaintiffs define the "opt in" class as all present and former employees of Orius, or any predecessors in interest, who worked as linemen, splicers, crew foremen or laborers, or equivalent positions within the United States between June 4, 1999, and June 4, 2002, who were not paid overtime wages for all hours worked in excess of 40 hours per week or were not paid wages at least equal to the federal minimum wage rate. Plaintiffs' Collective Action Allegation Complaint, page 4.

Plaintiffs Larry Sheffield, Earl Wolfe and Eric Peterson worked as linemen and groundhands for Orius and several of its subsidiaries. Affidavit of Larry Sheffield ¶ 1. They were paid both piece rate and hourly wages. Id. ¶ 2. Plaintiffs were not paid for required preparatory work before their shift. Id. ¶ 6. Additionally, plaintiffs were not paid for travel time to job sites and for overtime. Id. ¶¶ 5, 6. A holdback was taken from the plaintiffs' checks to cover any liability damage they caused. Additional deductions were taken from Sheffield and Wolfe's paychecks to cover damage to company property. Id. ¶¶ 8, 11. Plaintiffs' wages were reduced retroactively. Id. ¶ 15.

Plaintiffs have submitted the affidavits of several Orius employees. All of the employees worked in Oregon and two were also employed in other states. All of the employees were paid piece rate, five were paid per hourly and two were paid salary. All of the employees had holdback claims.

## Motion for a More Definite Statement

■ Defendants contend that plaintiffs' complaint lacks critical facts about the time and place of the wage violations, and the connection between the claims and the individual defendants. Defendants contend that they are unable to frame a responsive pleading. Additionally, defendants' contend that they are unable to discern the basis for jurisdiction and venue or to determine what defenses are available.

Plaintiffs contend they have properly plead their wage claims, provided notice to defendants about members of the class and named Orius and its subsidiaries as proper defendants. Additionally, plaintiffs contend they have properly plead to satisfy the three-year statute of limitations.

"Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Resolution Trust Corporation v. Gershman*, 829 F.Supp. 1095, 1103 (1993). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). A motion for a more definite statement is generally left to the district court's discretion. *Tilley v. Allstate Ins. Co.*, 40 F.Supp.2d 809, 814 (S.D.W.Va.1999).

A motion for a more definite statement is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather

---

1. For purposes of this motion attorney Harlan E. Jones represents the following defendants: 1) Orius Telecom Services Inc.; 2) Orius Central Office Services Inc.; 3) Orius Telecommunications Services Inc.; 4) Orius Broadband Services Inc., 5) Catv Subscriber Services Inc.; and 6) Dasco of Idaho Inc.

than want of detail, and if requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Id.* (internal quotation omitted). A motion for a more definite statement "is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." *Id.*

A complaint must include a short, plain statement of each claim to put defendants on sufficient notice of the allegations against them. Fed.R.Civ.P.8(a)(2). Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations. *Gauvin v. Trombatore et al.*, 682 F.Supp. 1067, 1071 (N.D.Cal.1988). The parties and the court should be able to determine the injurious policy, the responsible defendant and the specific injury suffered by a plaintiff. *Brown v. Prince Georges County Health Dep't*, 1992 WL 142694, *3–4, 1992 U.S. Dist. LEXIS 8728, *9 (1992).

The complaint should set forth the approximate dates on which the alleged events occurred. Without this information the defendant will be unable to determine to what extent an affirmative defense shall be filled. *Pension Benefit Guaranty Corp. v. Morton*, 87 F.R.D. 483, 484 (W.D.Pa.1980). Ambiguous allegations about time frames are not helpful to the party responding. *Van Dyke Ford, Inc. et al v. Ford Motor Company et al.*, 399 F.Supp. 277, 281 (E.D.Wis.1975)

In a claim for underpayment of wages it is not necessary for a plaintiff to plead individual dates for which wages were not paid. *Bartlett v. United Stated Postal Service*, 1987 U.S. Dist. Lexis 8213. Such specifics are determined through the discovery process. *Id. See Lodge 1916 v. General Electric Company X-Ray Department*, 49 F.R.D. 72 (E.D.Wis.1970) (names of employees who were underpaid, who invoked a grievance procedure, and the amount of money owed, were either available in defendants' records or more properly through discovery). A complaint need not state exact pay periods the plaintiff worked overtime or was underpaid. *Dennis v. Begley Drug Co. of Tennes-*

*see,* 53 F.R.D. 608, 609 (E.D.Tenn.1971) (An aggregate of back and overtime wages claimed by the plaintiff is sufficient for the defendant to respond to whether it failed to pay.)

The complaint lists the various defendants and ten "foreign corporations and Does 1 through 10." Collective Action Complaint, page 2. Plaintiffs worked as linemen, splicers, crew foremen, and laborers engaged in installing, laying and stringing cable and fiber optic communication lines within the State of Oregon and throughout the United States. *Id.* Employees were paid a "piece rate, hourly rate or a combination of the two." *Id.* Plaintiffs allege that they were not paid for preparatory and concluding work activities, and they were not paid for time over a 40 hour work week. *Id.* The plaintiff's claims are separated into two categories: overtime violations and minimum wage violations. The class of plaintiffs are: all current and former employees of Orius, or predecessors in interest, who worked as a linemen, splicers, crew foremen or laborers within the United States from June 4, 1999, to the present, and were not paid overtime for all hours worked over 40 hours a week, or were not paid the equivalent of the federal minimum wage. *Id.* pages 3–4.

This complaint provides defendants with notice of the allegations against them, the parties bringing the action, the dates of the alleged violations and the legal theories upon which plaintiffs rely. Any more information would be more appropriately determined through the discovery process. The complaint is not so vague or incomprehensible that defendants are precluded from responding. Defendants' motion for a more definite statement (# 10) should be DENIED.

**Motion to Certify a Collective Action**

Plaintiffs have moved to certify this suit as a collective action. The putative class includes all current and former employees of Orius, or any predecessors in interest, who worked as a linemen, splicers, crew foremen or laborers, or equivalent position within the United States between June 4, 1999, and June 4, 2002, who were not paid overtime wages for all hours worked in excess of 40 hours per

week, or were not paid wages at least equal to the federal minimum wage rate.

Defendants object to the certification of a collective action because the potential class members are not similarly situated. Defendants contend that the potential class would span employees in ten different states, employed in nine categories of positions, and employed by five or more employers. Defendants contend that the employees suffered a variety of injuries based on the fact that they were paid in a number of different ways including piece rate, hourly and salary. Defendants contend that some employees suffered holdbacks from their paychecks.

The Fair Labor Standards Act (FLSA) allows for a type of class action, known as a collective action, for similarly situated employees subjected to federal wage violations who file a consent to join the collective action. 29 U.S.C. 216(b). The collective action under § 216(b) provides a more efficient alternative to the filing and consolidation of a number of small separate claims. *Hoffmann–La Roche, Inc.*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)( addressing collective ADEA actions); *Daggett v. Blind Enterprises of Oregon et al.*, 1996 U.S. Dist. LEXIS 222465 No.95–421–ST *17. The rules should be liberally administered to avoid a multiplicity of suits. *Culver v. Bell & Loffland Inc.*, 146 F.2d 29, 31 (9th Cir.1944)

"The clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under § 216(b)." *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir.1977); *Ballaris v. Wacker Silttronic Corp.*, 2001 WL 1335809 at *1 (D.Or. 2001). Many of the FRCP 23 protections are not necessary for a § 216(b) class action given the "opt in" requirement. *Daggett* at *15. (Where the plaintiff is not bound to the judgment and the court can always decide to decertify the class, the FRCP 23 protections are not as crucial.). The "opt in" requirement presumes that a potential plaintiff has determined that joining the class outweighs any benefit of pursuing an individual action. *Id.*

The threshold question in deciding whether to authorize class notice in an FLSA action is whether the plaintiffs have demonstrated that potential class members are "similarly situated." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997); *Grayson et al. v. K Mart Corp.* 79 F.3d 1086, 1096 (11th Cir.1996). While the plaintiffs' claims need to be similar in character, there is no requirement that the claims be identical. *Shain v. Armour & Co.*, 40 F.Supp. 488, 490 (W.D.Ky.1941). The requirements of § 216(b) are clearly less stringent than the Rule 23 standard. Fed.R.Civ.P. 23. More is needed than the mere fact that all proposed members have a possible FLSA claim based on an employer's circumvention of the FLSA in order to save costs. *Dagget*, at *18 (common, pattern, plan or practice of discrimination based on blindness.) Plaintiffs must allege a violation that permits certification under § 216(b), such as a violation of the federal minimum wage or maximum hours in a workweek and that the punitive class members share common identifiable facts or legal theories. *Id. See* 29 U.S.C. §§ 206, 207. While a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal "similarly situated" requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency. *Grayson*, 79 F.3d at 1095; *Thiebes v. Wal–Mart Stores, Inc.*, 1999 WL 1081357 at *1 (D.Or.1999).

In *Thiebes*, several former Wal–Mart hourly employees filed suit for failure to pay overtime and altering time sheets, as well as several state claims. *Thiebes*, at *1. All of the employees worked in Oregon stores and were subjected to a "specific scheme that applied to all hourly workers at Wal–Mart's Oregon stores." *Id.* at *1–2. The court in *Thiebes* granted plaintiffs' motion to certify the collective action for the limited purposes of notice and discovery.

In *Ballaris*, all of the employees were required to change into and out of their plant uniforms and clean room suits while off the clock. *Ballaris*, 2001 WL 1335809 *1, 3. They all worked at one plant, for one company under one set of policies. *Id.* While the court found that the collective action could be certified for the purposes of sending notice, the court did not hold that proposed mem-

bers of the class were in fact similarly situated. *Id.* at *3.

While plaintiffs in the case at bar allege defendants had a policy of not paying overtime and requiring employees to perform preparatory work before their shifts, the facts of this case are distinguishable from both *Thiebes* and *Ballaris*. In this case the plaintiffs are employed by numerous defendants, were paid either by piece work, hourly or salaried (however they only seek damages for the time that they were under paid hourly workers or that they did not receive overtime wages), they held a variety of job classifications, and did not work at the same job site. In *Ballaris* all employees in the collective action had to perform the same preparatory work of changing clothes, and in *Thiebes* all the employees worked in the Oregon Wal-Mart stores. When examining the putative class in this case and the applicable law, this court finds there are significant facts that determine the employees in this case are not similarly situated.

Here the plaintiffs have presented a vast universe of potential members of the class. However, the affidavits and declarations represent a much smaller set of injured workers. Because plaintiffs have failed to demonstrate that the employees who have joined the suit or have expressed interest in joining a collective action are similarly situated to the employees who would be encompassed in the putative class, plaintiffs' motion to certify the collective action (# 5) should be DENIED.

## CONCLUSION

For the foregoing reasons this court should DENY defendants' motion for a more definite statement (# 10) and DENY plaintiffs' motion to certify the collective action (# 5).

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **September 30th, 2002.** If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due **October 15, 2002**, and the review of the Findings and Recommendation will go under advisement on that date.

Dated Sept. 13, 2002.