Jack **BEERY**, Plaintiff,

v.

**HITACHI HOME ELECTRONICS (AMERICA), INC., Gemstar Development Corporation, Henry C. Yuen, and Daniel S. Kwoh, Defendants.**

No. CV 93–4868 DT (Ex).

United States District Court,
C.D. California.

Oct. 18, 1993.

478

ORDER **DENYING** DEFENDANTS GEMSTAR DEVELOPMENT CORPO-RATION, HENRY C. YUEN, AND DANIEL S. KWOH'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATE-MENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e).

TEVRIZIAN, District Judge.

### BACKGROUND

The instant action arises out of defendants Hitachi Home Electronics (America), Inc., Gemstar Development Corporation ("Gemstar"), Henry C. Yuen ("Yuen"), and Daniel S. Kwoh's ("Kwoh") (Gemstar, Yuen and Kwoh hereinafter collectively called "the Moving Defendants") alleged infringement of plaintiff Jack Beery's ("Plaintiff") patent, U.S. Patent No. 5,068,734 ("the '734 patent").

The '734 patent was issued to Plaintiff on November 26, 1991. Plaintiff alleges he contacted Gemstar on December 26, 1991 regarding claims of his '734 patent which Plaintiff believed were being infringed by Gemstar's products. Plaintiff claims that Gemstar responded in June of 1992 by stating that the '734 patent was invalid in light of U.S.

Patent No. 4,600,918 to Belisomi ("Belisomi '918 patent"). Plaintiff asserts that he subsequently requested that his '734 patent be reexamined in light of the Belisomi '918 patent by the Patent and Trademark Office ("PTO"). Plaintiff alleges that sixteen claims of the '734 patent remain unchanged and have therefore been in force since the patent's original date of issuance. (Plaintiff's Opposition to Motion to Dismiss at p. 3.). Plaintiff further alleges that the remaining 17 patentable claims of the '734 patent consist of amended or new claims which have been allowed after reexamination, and which will be in effect when the PTO issues its reexamination certificate. (*Id.*).[1]

On August 16, 1993, Plaintiff filed a Complaint seeking relief from the defendants' alleged infringement of the '734 patent. In his Complaint, Plaintiff alleges that each of the named defendants has infringed the '734 patent "by making, using and selling, without authority ... devices embodying the invention of the '734 patent, and/or by actively inducing others to infringe the '734 patent, and/or by contributorily infringing the '734 patent." Complaint at ¶ 12.

On September 27, 1993, the Moving Defendants filed an Answer to Plaintiff's Complaint. At the same time they filed their Answer, the Moving Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or, in the alternative, For a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e), which is presently before this Court.

## DISCUSSION

### A. Standard.

#### 1. Motion to Dismiss Pursuant to Rule 12(b)(6).

■ Pursuant to Rule 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted must be made before pleading if a further pleading is permitted. Fed.R.Civ.P. 12(b). Under the law of the 9th Circuit, where a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is filed after an answer is filed, a court may deny the motion to dismiss as untimely, or the court may consider the Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2] *Aetna Life Ins. Co. v. Alla Medical Services, Inc.,* 855 F.2d 1470, 1474 (9th Cir.1988); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

■ In considering a motion for judgment on the pleadings pursuant to Rule 12(c), a court views the facts as presented in the pleadings in the light most favorable to the non-moving party. *Hoeft v. Tucson Unified School District,* 967 F.2d 1298, 1301 fn. 2 (9th Cir.1992). Therefore, a court must accept as true all material allegations of the non-moving party, while the allegations of the moving party which contradict the non-moving party's allegations are assumed to be false. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1990). Moreover, all inferences reasonably drawn from these facts must be construed in favor of the non-moving party. *General Conference Corp. of Seventh Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989). Thus, judgment on the pleadings is appropriate when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and it is entitled to judgment as a matter of law. *Hal Roach Studios,* 896 F.2d at 1550. The motion must be denied unless it appears to a certainty that the

---

1. The Moving Defendants claim that the '734 patent is still under reexamination. However, Plaintiff has stated (Complaint at ¶ 11), and the Moving Defendants have admitted (Moving Defendants Answer at ¶ 8), that on July 22, 1993, the PTO issued a Notice of Intent to Issue Reexamination Certificate in which the PTO stated its intent to issue a reexamination certificate which would confirm claims 14–18 and 22–24, allow amended claims 1–13 and 25–28 and new claims 29–36, and cancel claims 19–21 of the '734 patent, in light of the '918 Belisomi patent. *See*

Exhibit B of Plaintiff's Complaint. Plaintiff has also stated that the Reexamination Certificate itself will be issued on October 26, 1993. Plaintiff's Opposition to Moving Defendants' Motion to Dismiss at p. 3.

2. Federal Rule of Civil Procedure 12(h)(2) states that a motion to dismiss for failure to state a claim may be made in a motion for judgment on the pleadings pursuant to Rule 12(c).

plaintiff can not prove any set of facts in support of his claim which would entitle him to relief. *Mostowy v. United States,* 966 F.2d 668, 672 (Fed.Cir.1992).

### 2. *Motion for More Definite Statement Pursuant to Rule 12(e).*

■ A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *FRA S.p.A v. Surg–O–Flex of America,* 415 F.Supp. 421, 427 (S.D.N.Y.1976). If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Famolare, Inc. v. Edison Brothers Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. CA 1981).

### B. *The Moving Defendants' Motion For a More Definite Statement Pursuant to Rule 12(e) is Untimely and Unwarranted.*

■ Rule 12(e) states that a party may move for a more definite statement before interposing a responsive pleading when "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). In the instant action, the Moving Defendants filed an answer on the same day that the instant Motion for More Definite statement was filed. Thus, in this Court's opinion, since the Moving Defendants have already filed a responsive pleading, they cannot now claim that the complaint is "so vague and ambiguous" that they cannot reasonably be required to frame a responsive pleading. In any event, in this Court's opinion, the Plaintiff's Complaint is intelligible and specific enough to meet the requirements of notice pleading under Federal Rules of Civil Procedure 8. *See Drake v. Pycope,* 96 F.Supp. 331 (N.D.Ohio 1951). The Complaint sufficiently apprises the Moving Defendants of the substance of the claim being asserted, the al-

leged infringement of Plaintiff's '734 patent, to allow the Moving Defendants to respond.

■ In addition, the Moving Defendants have attempted to use their Rule 12(e) motion to elicit additional information regarding the specific claims of the '734 patent which are allegedly infringed. Where the information sought is available through the discovery process, a Rule 12(e) motion should be denied. *See Famolare, Inc.,* 525 F.Supp. at 949. In this Court's opinion, as the identity of the specific claims of the '734 patent which allegedly have been and continue to be infringed can readily be ascertained through the liberal federal discovery procedures, the instant action does not warrant a more definite statement.

### C. *Plaintiff Has Sufficiently Pled a Claim for Patent Infringement.*

■ As the Moving Defendants have brought their Rule 12(b)(6) Motion to Dismiss after they filed their answer, the Motion is technically untimely. *See Augustine v. United States,* 704 F.2d 1074, 1075 fn. 3 (9th Cir.1983). However, even considering the instant Motion to Dismiss as a Motion for Judgment on the Pleadings pursuant to Rule 12(c), it is this Court's opinion that Plaintiff sufficiently pleads a claim for patent infringement. As Plaintiff points out, the allegations in his Complaint are similar to the averments found in the federal form for a patent infringement complaint (*see* Fed.R.Civ.P., App. of Forms, Form 16), which, pursuant to Federal Rule of Civil Procedure 84, "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

The Moving Defendants argue that Plaintiff's Complaint fails to allege that the defendants have infringed or are infringing any currently enforceable claim of the '734 patent. This Court disagrees. In his Complaint, Plaintiff lists certain claims of the '734 patent which he states are currently enforceable as of the issue date of the '734 patent. Complaint ¶ 11, lines 1–3.[3] Plaintiff goes on

---

3. Plaintiff also lists certain additional claims of the '734 patent which he states will not be en-

forceable until the PTO issues a Reexamination Certificate. Complaint ¶ 11, lines 3–5. The

to allege that each of the defendants have infringed, and will continue to infringe unless enjoined, the '734 patent. Complaint ¶ 12. In this Court's opinion, it is reasonable and only logical to infer that Plaintiff was alleging infringement of claims he stated were currently enforceable, especially in light of Plaintiff's recognition and admission that the other listed claims of the '734 patent could not be enforced until after the issuance of a Reexamination Certificate.

Accordingly, this Court hereby **DENIES** defendants Gemstar, Yuen and Kwoh's Motion to Dismiss or, in the alternative, For More Definite Statement.

IT IS SO ORDERED.

---

Moving Defendants' Reply Memo requests that this Court strike this portion of the Complaint because Plaintiff has admitted that it is superfluous material. Plaintiff does indeed state that this material is superfluous (Plaintiff's Opposition at 9, lines 8–11) and admits that such claims would be appropriate subject matter for supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) if, after a Reexamination Certificate is issued by the PTO, Plaintiff determines that any of the new or amended claims of the '734 patent are being infringed by the defendants (Plaintiff's Opposition at 8–9). Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), this Court orders stricken the immaterial portion of paragraph 11 of of the Complaint that reads as follows "... and claims 1–3, 5–9, 26 and 29–36 will be in full force and effect as of the date of issuance of the reexamination certificate."