**Jack BEERY, Plaintiff,**

v.

**HITACHI HOME ELECTRONICS (AMERICA), INC., Gemstar Development Corporation, Henry C. Yuen, and Daniel S. Kwoh, Defendants.**

No. CV 93–4868 DT (Ex).

United States District Court,
C.D. California.

May 2, 1994.

ORDER **GRANTING** PLAINTIFF'S MOTION FOR LEAVE TO FILE TO SUPPLEMENT AND AMEND THE COMPLAINT FOR PATENT INFRINGEMENT.

TEVRIZIAN, District Judge.

## BACKGROUND

The instant action arises out of defendants Hitachi Home Electronics (America), Inc., Gemstar Development Corporation ("Gemstar"), Henry C. Yuen ("Yuen"), and Daniel S. Kwoh's ("Kwoh") (Gemstar, Yuen and Kwoh hereinafter collectively called "the Moving Defendants") alleged infringement of plaintiff Jack Beery's ("Plaintiff") patent, U.S. Patent No. 5,068,734 ("the '734 patent").

The '734 patent was issued to Plaintiff on November 26, 1991. Plaintiff alleges that he contacted Gemstar on December 26, 1991 regarding claims of his '734 patent which Plaintiff believed were being infringed by Gemstar's products. Plaintiff claims that Gemstar responded in June of 1992 by stating that the '734 patent was invalid in light of U.S. Patent No. 4,600,918 to Belisomi ("Belisomi '918 patent"). Plaintiff asserts that he subsequently requested that his '734 patent be reexamined in light of the Belisomi '918 patent by the Patent and Trademark Office ("PTO"). Plaintiff alleges that sixteen claims of the '734 patent remain unchanged and have therefore been in force since the patent's original date of issuance. (Plaintiff's Opposition to Motion to Dismiss at p. 3.). Plaintiff further alleges that the remaining 17 patentable claims of the '734 patent consist of amended or new claims which have been allowed after reexamination, and which will be in effect when the PTO issues its reexamination certificate. (*Id.*) A Reexamination Certificate was issued by the Patent Office on or about October 26, 1993.

On August 16, 1993, Plaintiff filed a Complaint seeking relief from the defendants' alleged infringement of the '734 patent. In his Complaint, Plaintiff alleges that each of the named defendants has infringed the '734 patent "by making, using and selling, without authority ... devices embodying the invention of the '734 patent, and/or by actively inducing others to infringe the '734 patent, and/or by contributorily infringing the '734 patent." Complaint at ¶ 12.[1]

On September 27, 1993, the Moving Defendants filed an Answer to Plaintiff's Complaint. At the same time they filed their Answer, the Moving Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), for Failure to State a Claim or, in the alternative, For a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). On October 18, 1993, 157 F.R.D. 477, this Court denied defendants' Gemstar Development Corporation, Henry C. Yuen, and Daniel S. Kwoh's Motion to Dismiss for Failure to State a Claim or, in the alternative, for a More Definite Statement. On January 27, 1994, defendants' Gemstar Development Corporation, Henry C. Yuen, and Daniel S. Kwoh filed a Motion for Bifurcation of Trial and Discovery or, in the alternative, for an Order Establishing the Sequence of Discovery. On February 11, 1994, this Court granted defendants' Gemstar Development Corporation, Henry C. Yuen, and Daniel S. Kwoh's Motion for Bifurcation of Trial and Discovery between Plaintiff's Liability and Damages claims. On April 4, 1994, plaintiff, Jack Beery, filed a Motion to Supplement and Amend the Complaint for Patent Infringement. This motion is presently before this Court.

## DISCUSSION

### A. Standard.

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires." Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the plead-

---

1. Plaintiff initially alleges a breach of the "734 patent" by the manufacture and sale of Gemstar's VCR Plus+ Instant Programmer and the VCR Plus+ Instant Programmer with Call Set products. Plaintiff wishes to amend the Complaint to include patent infringement of certain types of Hitachi's televisions. This will be more fully discussed below.

ings is freely given unless the opposing party makes a showing of prejudice. *Foman v. Davis* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. The policy favoring amendment is to be applied by this Court with "extreme liberality." *Morongo Band of Mission Indians v. Rose* (9th Cir.1990) 893 F.2d 1074, 1079.

### B. This Court Finds That Plaintiff's Motion For Leave To Supplement And Amend The Complaint For Patent Infringement Is Warranted.

Since the Complaint was filed on August 16, 1993, the following transactions, occurrences, or events have happened according to the Plaintiff: 1) On October 26, 1993, Reexamination Certificate No. B1 5,068,734 was issued by the Patent Office; 2) Plaintiff Jack Beery has moved from Washington, D.C. to Dayton, Ohio[2]; and 3) Upon information and belief, defendant Hitachi began selling in the United States television products which infringe the '734 patent.

### 1. This Court Finds That All Defendants Have Had Actual Knowledge Of The Reexamination Of The Patent In Suit Since At Least As Early As Service Of The Complaint Upon Them.

■ Plaintiff attempts to supplement and amend his Complaint to include the October 26, 1993 Reexamination Certificate issued by the Patent Office. In regards to the Gemstar defendants, this Court finds that they have had actual knowledge of the reexamination and the issues which arise from it for at least eighteen months, well before the initial Complaint was filed.

The '734 patent was issued to plaintiff on November 26, 1991. In an Order Granting/Denying Request for Reexamination dat-

ed November 5, 1992, the Patent Office granted the petition, but stated that all claims are subject to reexamination, not just the claims requested.

In the Complaint, served on Gemstar on September 9, 1993, plaintiff provided further actual notice to Gemstar that he intended to pursue infringement of the reexamined patent in the pending litigation, when plaintiff asserted that:

> "Following reexamination, claims 4, 19–18, 22–25 and 27–28 of the '734 patent remain in full force and effect as of November 26, 1991, the issue date of the '734 patent, and claims 1–3, 5–9, 26 and 29–36 will be in full force and effect as of the date of issuance of reexamination certificate."[3]

This Court finds that the Gemstar defendants actually were aware of the fact that all claims of the patent had been reexamined and that newly-added or amended claims would be asserted.[4]

Moreover, this Court finds that Hitachi has had actual knowledge of all claims of the patent, as reexamined and by claim number for the VCR products on February 11, 1993, during discovery. Hitachi claims that it received plaintiff's Response to Gemstar's Interrogatory (No. 1) on February 11, 1993. Those responses specifically identified the claims as reexamined, then believed to be infringed by defendants, namely regarding the VCR products. Furthermore, with respect to each of the Hitachi VCRs, similar responses were made.[5]

Further still, Hitachi was made aware of the potential of newly-added or amended claims first effective after reexamination when the Court's struck that portion of the Complaint on October 18, 1993.[6] Thus, as

---

2. Defendants do not dispute this amendment to the Complaint.

3. Complaint, ¶ 11.

4. See this Court's Order dated October 18, 1993, p. 7, fn. 3.

5. See response regarding the Model VT M272A VCR, Beery's Response to Interrogatory No., 1(a).

6. See this Court's Order, dated October 18, 1993, p. 7, fn. 3:

"Plaintiff also lists certain additional claims of the '734 patent which states will not be enforceable until the PTO issues a Reexamination Certificate. Complaint ¶ 11, lines 3–5 ... Plaintiff does indeed state that this material is superfluous and admits that such claims would be appropriate subject matter for supplemental pleading pursuant to Fed.R.Civ.P. 15(d) if, after the Reexamination Certificate is issued by the PTO, Plaintiff determines that any of the new or amended claims of the '734 patent are being infringed by defendants."

set forth in the Complaint, and as defendants were aware, claims 1–3, 5–9, 26 and 29–36 of the '734 patent became enforceable when the Reexamination Certificate was issued on October 26, 1993. This Court finds that in consideration of this information, together with plaintiff's first supplemental response to Gemstar's Interrogatory No. 1, which asserted infringement of many of the reexamined claims, by claim number, both Gemstar and Hitachi were aware that plaintiff was asserting infringement of claims newly added or amended during reexamination.[7] Thus, this Court finds both Gemstar and Hitachi have had actual knowledge of the reexamination of the patent in suit since at least as early as service of the Complaint upon them. This Court finds that plaintiff's motion for leave to supplement and amend the complaint is warranted as to the reexamination of the '734 issued by the Patent Office on October 26, 1993.

## 2. Hitachi Has Had Actual Knowledge That Plaintiff Was Asserting Patent Infringement As To Hitachi's Television At Least As Early As December 17, 1993 And Leave To Amend The Complaint To Add This Allegation Would Not Prejudice Either Hitachi Or Gemstar.

Plaintiff, in its pending motion, is also trying to amend his Complaint to allege that Hitachi began selling in the United States television products which have channel selection features known as "CHILD LOCK" and "FAVORITE CHANNELS" which infringe the '734 patent. Hitachi has admitted that plaintiff's counsel first raised the issue of the televisions on December 17, 1993, when Mr. Hokanson, counsel for plaintiff, requested that Mr. Lane, counsel for Hitachi, informally provide television owner's manuals so an informed infringement analysis could be made prior to any actual patent claim assertion.[8] This Court concludes that Hitachi has known, since at least December 17, 1993,

some four months ago and seven days after it filed its Answer in this action, that plaintiff believed that their televisions were proper subject matter for an assertion of infringement of the '734 patent in this case.

Defendants also assert that the addition of the Hitachi televisions to this case will cause juries to become confused and additional experts to be employed. However, all claims of the '734 patent are directed to various ways in which the tuners tune the channel numbers. Moreover, this Court finds that only four claims likely will be asserted during further pretrial and trial phases of this case in regards to Hitachi's televisions. One claim of the patent, i.e., claim 13, requires an authorization code, and is thus the only additional claim which could be asserted against those Hitachi televisions having the "CHILD LOCK" feature (this feature provides that the parent can select television channels in the "set up" mode which will not later, in the "viewing mode," be displayed unless an authorization code, i.e., the parent-chosen secret code number is entered.) Secondly, only two claims, i.e., claims 12 and 27, require the additional "markers" for the favorite channels selected by the user during the "set up" mode of the operation, and the subsequent display in the "viewing" mode of only those pre-selected favorite channels and only through advancement from one pre-selected favorite channel to another. This Court finds that these three claims raised by plaintiff in regards to the Hitachi televisions will not introduce new and complex technology and will not significantly add to the trial of this matter.

Furthermore, this Court finds that if an amendment to the Complaint was not granted, a second trial would involve very significant and major duplication of effort by the parties and this Court; whereas, granting plaintiff's motion would provide for expendi-

---

7. This Court notes the Gemstar defendants have sought discovery in relation to the '734 patent, as reexamined. In defendant, Henry C. Yuen's First Set of Request for Admission (Nos. 1 to 9), defendant defined the '734 patent as follows: "the '734 patent means United States Patent No. 5,068,734 after reexamination."

8. Opposition submitted by Hitachi to Motion to Supplement and Amend Complaint, pp. 9, 11. 9–11.

ture of minor additional discovery and trial resources.[9, 10, 11]

Accordingly, this Court **GRANTS** Plaintiff's Motion for Leave to Supplement and Amend the Complaint for Patent Infringement.

IT IS SO ORDERED.

9. Furthermore, this Court finds that the inclusion of an infringement case regarding Hitachi televisions will cause Gemstar to participate in little or no additional discovery. The only additional discovery need be directed solely to the issue of infringement and validity of a maximum of four claims (11–13 and 27) concerning the "CHILD LOCK" AND "FAVORITE CHANNELS" features of the Hitachi televisions, whereas, the vast majority of discovery, e.g., ownership of the patented invention, and development of the patented invention, will apply equally to the televisions and/or relates to issues already extensively discussed, i.e., the patent claims concerning validity and VCR product infringement. This Court does not find that the Gemstar defendants, like Hitachi, will be prejudiced by allowing the plaintiff to amend and supplement his Complaint.

10. Gemstar also objects to plaintiff's motion on the grounds that it introduces the new defense of intervening rights. However, first and foremost, plaintiff's patent infringement claims regarding the Hitachi televisions will not greatly affect the defense of Gemstar. Secondly, most of the intervening rights evidence referred to in Gemstar's opposition will in fact be raised in the damages phase of the bifurcated case.

11. Finally, this Court does not find that there has been undue delay in bringing this motion by plaintiff. On February 18, 1994, this Court issued a scheduling order, which, inter alia, ordered that any motion to join other parties or amend the pleadings was required to be filed on or before April 14, 1994. This motion was filed on March 31, 1994. It is thus plain to this Court that plaintiff did not engage in undue delay. *See generally Azarbal v. Medical Center of Delaware, Inc.*, 724 F.Supp. 279, 284 (D.Del.1989).