**Jose CASTILLO, Plaintiff,**

v.

**Gale A. NORTON, Secretary, United States Department of the Interior, Defendant.**

**No. CIV 02–2043–PHX–ROS.**

United States District Court,
D. Arizona.

Dec. 18, 2003.

Cheri McCracken, Esq., Phoenix, AZ, for Plaintiff.

James C. Hair, Jr., Esq., US Attorney's Office, Phoenix, AZ, for Defendant.

## ORDER

SILVER, District Judge.

This is an employment discrimination suit filed by a federal employee against his employer, the Department of the Interior. Pending before the Court is the Department of the Interior's Motion to Dismiss or Strike Complaint and Require Amended Complaint. For the reasons stated below, the Motion is denied.

## BACKGROUND

On April 7, 2003, Plaintiff Jose Castillo ("Castillo") filed a Complaint in the District of Arizona against his employer, the Department of the Interior ("DOI"), alleging claims of employment discrimination under Title VII, 42 U.S.C. §§ 2000e, *et. seq.* [Doc. # 1.] Castillo contends that the DOI has unlawfully discriminated against him on the basis of his race and/or national origin. (Compl.¶ 6.)

The Complaint is divided into four sections. The first section contains allegations concerning the parties, jurisdiction, and venue (*id.* ¶¶ 1–4); the second section sets forth general allegations regarding the DOI's alleged discrimination (*id.* ¶¶ 5–11); the third section alleges that Castillo has exhausted his administrative remedies (*id.* ¶ 11); and the fourth section contains a prayer for a permanent injunction, back pay, front pay, pre-judgment interest, and fringe benefits. (*Id.* at 5.)

The general allegations listed in the second section describe the DOI's alleged discrimi-

nation in broad strokes. In paragraph 6, for instance, Castillo alleges:

- "Defendant created ... a hostile working environment consisting of race-, gender-[*sic*], and national origin-based conduct ...." (*Id.* ¶ 6(a));
- "Defendant repeatedly discriminated against Plaintiff by subjecting him to discipline for infractions ... for which ... similarly-situated employees ... were not disciplined or were disciplined less severely." (*Id.* ¶ 6(c));
- "Defendant permitted subordinates and peers to refuse to report to Plaintiff on the basis of his race or national origin." (*Id.* ¶ 6(g)[)]; and
- "Defendant repeatedly imposed job performance standards upon Plaintiff and other minority employees that were not imposed upon non-employees." (*Id.* ¶ 6(j)).

Castillo, however, does not allege what persons discriminated against him, precisely when the alleged discrimination occurred, or the exact circumstances surrounding the alleged discriminatory conduct. The remaining general allegations paint a similarly broad picture of the DOI's alleged discrimination. (*See id.* ¶¶ 5–10).

Like the allegations of discrimination in the second section, the allegations in the third section concerning exhaustion do not provide much factual detail about Castillo's claims. In Paragraph 11, Castillo asserts that he "has met all administrative prerequisites for the commencement of this action under 28 U.S.C. § 1614.407." He then lists the charges that he filed with the Equal Employment Opportunity Commission ("EEOC"), the dates that he filed those charges, the case numbers assigned, and the dates that the EEOC issued its decisions. (*Id.* ¶ 11(a-n).) He does not discuss the substance of the EEOC charges, aside from stating that the charges were for "discrimination and retaliation." (*Id.*) .

On April 27, 2003, the DOI filed a motion to dismiss Castillo's Complaint for failure to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss or Strike Compl.,

[Doc. # 7].) The DOI argues that the dismissal is warranted because the crucial allegations of the complaint are so vague "that defendant is unable to ... prepare its defense to this action." (*Id.* at 2.) In the alternative, the DOI asks that the Court strike the Complaint and require Castillo to file an amended complaint. (*Id.*)

## DISCUSSION

### I. Jurisdiction

Castillo has filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* The Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

### II. The Motion to Dismiss

The DOI argues that the Complaint should be dismissed under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure because it fails to give fair notice of Castillo's claims and the grounds on which those claims rest. (Def.'s Mot. to Dismiss or Strike Compl. at 2.) Specifically, the DOI argues that the Complaint is deficient because it does not identify: (1) the DOI employees who committed the alleged acts of discrimination; (2) the date, place and circumstance of the alleged discriminatory acts; and (3) precisely which EEOC charges form the basis of Castillo's Title VII claim. (*Id.*) Castillo, on the other hand, contends that his Complaint meets the liberal notice requirements of Rule 8(a). (Pl.'s Resp. to Def.'s Mot. to Dismiss or Strike Compl. at 2.) He also argues that the DOI can ascertain any unknown facts by conducting its own factual investigation or through discovery. (*Id.* at 3.)

### A. Legal Standard

#### 1. Rule 12(b)(6)

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 (9th Cir.1994). A complaint should not be dismissed "unless it appears

beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989)) (further citations omitted). To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. Monterey,* 920 F.2d 1496 (9th Cir.1990).

## 2. Rule 8(a)

■ This motion to dismiss must be analyzed in light of Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the procedural requirements for pleading a claim in federal court. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "mean[s] what it sa[ys]." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). A claimant need not "set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Rather, the complaint need only provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* Accordingly, in evaluating the sufficiency of a complaint, the court's role "is necessarily a limited one," confined to evaluating "not whether a plaintiff will ultimately prevail," but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

One of the "basic philosophies of the federal rules" is "simplicity of procedure." 5 Wright & Miller, *Federal Practice and Procedure* § 1182, at 12 (2d ed.1990). Earlier federal pleading regimes imposed a variety of technical requirements on complaints and placed great weight on the factual content of the plaintiff's allegations. *See Gilbane Bldg. Co. v. Federal Reserve Bank of Richmond,* 80 F.3d 895, 900 (4th Cir.1996) (discussing the former "code pleading's formalistic, pure-ly factual approach" and the "murky code-pleading requirement that a claimant plead ultimate facts and avoid pleading evidence and conclusions of law.") Under code pleading, "[t]he complaint not only gave notice of the nature of plaintiff's case but also was required to state the facts constituting the cause of action." 5 Wright & Miller, *Federal Practice and Procedure* § 1202, at 68–69. "Failure to incorporate an essential allegation [could] lead to a speedy end of the litigation by way of demurrer or motion to dismiss." *Id.*

■ Under the modern federal rules, however, pleadings "are not an end in themselves." 5 Wright & Miller, *Federal Practice and Procedure* § 1182, at 13. "[T]echnical forms of pleading are not required." *Id.* § 1202, at 68; *see also* Fed.R.Civ.P. 8(e)(1). Rather, Rule 8 is "designed to discourage battles over mere form of statement and to sweep away the needless controversies which the [predecessor] codes permitted" so that parties can proceed directly and more efficiently to resolving cases on their merits. *Id.* § 1201, at 67 n. 11 (quoting Fed.R.Civ.P. 8 advisory committee's note (1955 Report)). The modern rules thus dramatically ease the pressure on plaintiffs to include particularized factual allegations in their complaints.

Rule 84, in fact, recommends simple form complaints to courts and practitioners. The form complaint for negligence indicates just how simple complaints can be:

"1. Allegation of jurisdiction.

2. On June 1, 1936, in a public highway called Boylston Street Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.

3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars."

Fed.R.Civ.P., Form 9. Instead of a detailed recitation of causation and the tortfeasor's duty of due care, the model complaint rests on "conclusory" allegations of negligence.

This simplicity works because the framers of the Federal Rules advocated a procedural order privileging discovery and trial on the merits over pleading practice. *See e.g.,* Charles Clark, The Handmaid of Justice, 23 Wash. U.L.Q. 297, 318–19 (1938) ("in the case of a real dispute, there is no substitute anywhere for a trial"). In *Hickman v. Taylor,* 329 U.S. 495, 500–01, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Supreme Court celebrated this departure from pre-Rules practice. The Court remarked that the new rules "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." The various instruments of discovery, the Court commented, "now serve [ ] as a device, along with the pretrial hearing under Rule 16, to narrow and clarify the basic issues between the parties" and "as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Id.*

In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court reaffirmed the liberal pleading requirements of the Federal Rules. In that case, the Court addressed whether an employment discrimination complaint must contain specific facts establishing a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[1] The Court held that a complaint need not establish a prima facie case under *McDonnell Douglas,* but instead must only comport with Rule 8's "short and plain statement of a claim." In so holding, the Court stressed its own precedent and support for Rule 8's "simplified notice pleading" standard. *Id.* at 998. "This simplified notice pleading standard," the Court said, "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose

of unmeritorious claims." *Id.* (relying on *Conley* and *Leatherman*).[2]

Lower courts—following the Supreme Court's Rule 8 precedents—have held in a variety of contexts that a complaint need not allege all of the facts supporting its claims for relief. *See, e.g., Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) ("[T]he liberal 'notice pleading' standard embodied in Federal Rule of Civil Procedure 8(a)(2) do not require that a plaintiff specifically plead every element of a cause of action.") (suit against abortion providers under Freedom of Access to Clinic Entrances Act); *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000) ("complaints need 'not plead law or match facts to every element of a legal theory.' ") (internal quotation omitted) (Privacy Act suit); *EEOC v. JH Routh Packing Co.,* 246 F.3d 850, 854 (6th Cir.2001) ("We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.") ("An accusation of discrimination on the basis of a particular impairment provides the defendant with sufficient notice to begin its defense against the claim.") (ADA suit); *Sheets v. CTS Wireless Components, Inc.,* 213 F.Supp.2d 1279, 1282 (D.N.M.2002) ("[A]n ADA plaintiff need only accuse the defendant of discrimination on the basis of a particular impairment.") (citing *JH Routh,* 246 F.3d at 854).

With respect to employment discrimination claims in particular, lower courts have been equally liberal in their application of Rule 8. In *Bennett v. Schmidt,* 153 F.3d 516, 518 (1998), for instance, the Seventh Circuit held that " 'I was turned down for a job because of my race' is all a complaint has to say" to state a claim under Title VII. Quoting from one of its prior opinions, the court stated that

---

1. To prove a prima facie case of discrimination under *McDonnell Douglas,* a plaintiff must be a member of a protected group, qualified for the job in question, and be affected by an adverse employment action under circumstances giving rise to an inference of discrimination. *Id.* at 802, 93 S.Ct. 1817.

2. The Federal Rules of Civil Procedure do place some burdens on Title VII plaintiffs to define the

issues at the outset of the litigation. In 2000, Rule 26(b) was amended to confine discovery to the claims and defenses asserted in the pleadings. Thus, if a plaintiff alleges a discrimination suit, a retaliation claim is not necessarily within the scope of discovery. A court, however, may for good cause order discovery of any matter relevant to the subject matter of the action. Fed. R.Civ.P. 26(b).

"a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim." *Id.* (quoting *American Nurses' Association v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986)) (emphasis in original). "[A] complaint," the court said, "does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Id.; see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C.Cir.2000) ("In sum, we agree with the conclusion reached by Judge Easterbrook in *Bennett* ... 'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)").

Similarly, in *Sharafeldin v. Maryland*, 94 F.Supp.2d 680, 688 (D.Md.2000), the court held that the plaintiff's conclusory allegations of discrimination were sufficient to state a Title VII hostile work environment claim. In that case, the plaintiff simply alleged that the defendant:

"pursued policies and practices that discriminates [*sic*] against the plaintiff on the basis of his religion (Islam), color (black) and national origin (Sudanese) by creating, maintaining, and condoning a hostile work environment by failing or refusing to promptly and effectively investigate and to take prompt and effective steps to remedy and prevent the hostile work environment."

*Id.* Although the defendant objected to the lack of factual detail in the complaint, the court refused to dismiss the action. It held that the allegations in plaintiff's complaint constituted a short and plain statement under Rule 8(a). *Id.*

In *Garus v. Rose Acre Farms*, 839 F.Supp. 563, 567 (N.D.Ind.1993), the court also applied Rule 8 in the context of a Title VII case and concluded that the plaintiff's complaint was not fatally vague. There, the complaint alleged that the plaintiff was a victim of "a continuous, repetitious, and degenerative cycle and pattern of sexual harassment and sexual discrimination" by her co-workers and supervisors. *Id.* (internal quotation marks omitted). It also alleged that the plaintiff was "wrongfully transferred and demoted ... based upon discriminatory motives aris-

ing in part or in whole on the sexual harassment of the plaintiff ...; said transfer being in retaliation against the defendant." *Id.* (internal quotation marks omitted). The court held that "although the evidentiary bases for these conclusions remains cloaked at this stage, these allegations are sufficient to pass muster under the liberal notice pleading requirements set out in the federal rules of civil procedure." *Id.*

The Ninth Circuit—to this Court's knowledge—has never ruled on the sufficiency of a Title VII complaint as bare-boned as the ones described in *Bennett, Sharafeldin*, or *Garus*. When analyzing similar Title VII complaints, however, the court has liberally applied Rule 8. In *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997), the court held: "We cannot conclude ... that Yamaguchi failed to plead facts which would entitle her to relief on her claim of sex discrimination ... Although the complaint was inartfully crafted, in light of the liberal pleading standards, Yamaguchi's complaint presents an adequate claim of sex discrimination." Similarly, in *Ortez v. Washington County*, the Ninth Circuit reversed a district court's dismissal of a Title VII complaint for failure to state a claim because "instead of requiring only that [the plaintiff] set forth a short and plain statement of his Title VII discrimination claim, the district court required him to establish a prima facie case of discrimination." Ninth Circuit case law favors a tolerant application of Rule 8 to employment discrimination claims.

### B. Analysis

■ Castillo's Complaint satisfies the liberal notice pleading requirements of Rule 8(a). The Complaint identifies the claim as one for employment discrimination on the basis of race and national origin and identifies the specific federal provisions under which relief is sought. (*See* Compl. ¶¶ 2, 5). The Complaint then goes on to list specific examples of the alleged discrimination. They include that the DOI created a hostile working environment consisting of race-based comments; failed to remedy the hostile working environment; undermined Plain-

tiff's authority and ability to supervise subordinates; denied Plaintiff training and other career enhancements; permitted subordinates to refuse to report to Plaintiff on the basis of his race or national origin; administered leave policies in a discriminatory manner; subjected Plaintiff to repeated verbal abuse without justification; imposed job performance standards on Plaintiff that were not imposed on other non-minority employees; and retaliated against Plaintiff for complaints and administrative charges. (Compl.¶¶ 6–7). While these allegations are admittedly conclusory, they are consistent with *Swierkiewicz* and allege at least as much as the complaints in *Sharafeldin, Garus* and *Bennett.*

■ Indeed, in some cases it is possible for a plaintiff to plead too much. "While a plaintiff is entitled to go beyond [the requirements of Rule 8] and plead additional facts, it is well-established that if the plaintiff chooses to provide additional facts, the plaintiff cannot prevent the defendant from suggesting those same facts demonstrate the plaintiff is not entitled to relief." *Baker v. John Morrell & Co.,* 266 F.Supp.2d 909, 922 (S.D.Iowa 2003); *see also Romine v. Acxiom Corp.,* 296 F.3d 701, 706 (8th Cir.2002) ("[W]hile notice pleading does not demand that a complaint expound the facts, a plaintiff who does so is bound by such exposition.") (quotation omitted); *Hemenway v. Peabody Coal Co.,* 159 F.3d 255, 261 (7th Cir.1998) ("[p]laintiffs pleaded themselves out of court on the fraud theory."); *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir.1995) ("More is not necessarily better under the Federal Rules; a party 'can plead himself out of court by . . . alleging facts which . . . demonstrate that he has no legal claim.' ") (quoting *Trevino v. Union Pac. R.R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990)). Rule 11 of the Federal Rules—which requires that "the allegations and other factual contentions [of a complaint] have evidentiary support"—serves as a safeguard in instances where plaintiffs may be tempted by this case law to mask meritless claims with broad or conclusory allegations.

■ Rule 8(a) does not require Castillo to identify the DOI employees involved in the alleged discrimination, the dates of the alleged discrimination, or other circumstances surrounding the alleged discrimination.[3] To the extent that the DOI would like to learn more about these matters, it may look in its own files. Under Title VII, as a precondition to litigation, a "charge" must be filed with the EEOC by a person aggrieved by an unlawful employment practice. The charge "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC requires the charge to include a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). As a result, the DOI is already on notice about the dimensions of Castillo's claims and the facts marshaled in support of those claims. *See, e.g., White v. New Hampshire Dep't of Corrections,* 221 F.3d 254, 263 (1st Cir.2000) ("the administrative charge affords formal notice to the employer and prospective defendant of the charges that have been made against it") (internal quotation omitted). Requiring Castillo to produce even more facts at this stage is inequitable.

Nor does Rule 8(a) require Castillo to identify which, if not all, of the EEOC charges listed in the exhaustion section of his Complaint form the bases of his claims. If the DOI desires specificity of the issues, it may achieve this through the numerous pretrial steps and discovery devices set forth in the Federal Rules. Under Rule 26(f), the parties must meet and confer to develop a proposed case management plan at least fourteen days before the Court holds a Rule 16(b) scheduling conference. This Court's form case management plan, available at http://www.azd.uscourts.gov, requires the parties to include a statement indicating the "nature of the case, including the factual and legal basis" as well as the "factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion." At the initial Rule 16(b) scheduling confer-

---

**3.** Moreover, the law ultimately imposes liability on the agency, not individual employees. *Miller*

*v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

ences and at any later Rule 16 conferences, the Court may take "appropriate action" with respect to a vast number of issues, including "the formulation and simplification of the claims." Fed.R.Civ.P. 16(c). A motion to dismiss would be better conceived after these vital questions are answered during the pre-Rule 16(b) scheduling conference and not now.

The DOI may also make use of depositions, interrogatories, document requests, and requests to admit to discover information about Castillo's claims and streamline the case. These devices can be effectively employed by the parties to reduce or eliminate any uncertainty about the initial pleading. If appropriate, the DOI may also file a summary judgment motion to dispose of Castillo's claims. As the Supreme Court commented in *Conley*, 355 U.S. at 47–48, 78 S.Ct. 99, " 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Accordingly, the Court will deny the DOI's Motion to Dismiss.

### III. The Motion for a More Definite Statement

In the alternative, the DOI argues that the Court should strike Castillo's Complaint under Rule 12(e) of the Federal Rules of Civil Procedure and require him to file a more detailed amended complaint. (Def.'s Mot. to Dismiss or Strike Compl. at 1; Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss or Strike Compl. and Require Am. Compl. at 1, 4, [Doc. # 9].)

### A. Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement before responding to the pleading when that pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" The motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as

to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414–15 (D.Or.2002) (quoting *Tilley v. Allstate Ins. Co.*, 40 F.Supp.2d 809, 814 (S.D.W.Va.1999)); *see also Resolution Trust Corp. v. Gershman*, 829 F.Supp. 1095, 1103 (E.D.Mo.1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail.").

"A motion for a more definite statement is generally left to the district court's discretion." *Sheffield*, 211 F.R.D. at 414 (citing *Tilley*, 40 F.Supp.2d at 814). Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.' " *Resolution Trust Corp. v. Dean*, 854 F.Supp. 626, 649 (D.Ariz.1994) (quoting *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.1989)). "If the moving party could obtain the missing detail through discovery, the motion should be denied." *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D.Cal.1998) (citing *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D.Cal. 1993)). A motion for a more definite statement under Rule 12(e) is "not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." *Sheffield*, 211 F.R.D. at 415 (quoting *Tilley*, 40 F.Supp.2d at 814).

### B. Analysis

The Court will deny the DOI's motion for a more definite statement. As discussed at length above, the Complaint is specific enough to meet the requirements of notice pleading under Rule 8 of the Federal Rules. The Complaint clearly states that the action is one for employment discrimination pursuant to Title VII. (*See* Compl. ¶¶ 2, 6 ("This action is filed pursuant to Title VII of the Civil Rights Act of 1964 ... At all material times, Defendant has engaged in policies and practices which ... discriminated against plaintiff on the basis of his race and/or national origin.")). The DOI's does

not contend that the Complaint is unintelligible, but rather that it suffers from a lack of detail. If the DOI would like to learn more about the facts underlying Castillo's claim, it may do so by searching the EEOC charges in its own files or through the various discovery devices set forth in the Federal Rules. "Where the information sought is available through the discovery process, a Rule 12(e) motion should be denied." *Beery,* 157 F.R.D. at 480. The Complaint is specific enough— and the scope of discovery is broad enough— to enable the DOI to answer the charges and initiate a defense.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 7] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's alternative Motion to Strike Complaint and Require Amended Complaint [Doc. # 7] is **DENIED.**